# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Howard Tim Davis,                                             Civ. No. 15-3092 (SRN/BRT)

           Plaintiff,

v.                                                        **REPORT AND RECOMMENDATION**

Rasheda Smith-Deloney and Marvin W. Deloney,

           Defendants.

BECKY R. THORSON, United States Magistrate Judge.

       Plaintiff Howard Tim Davis commenced this litigation by filing a complaint raising claims under Minnesota criminal statutes against the mother of his child and the woman's husband. Davis did not pay the filing fee for this action, but instead applied to proceed *in forma pauperis* ("IFP"). (*See* Doc. No. 2.) That IFP application is now before the Court and must be taken under consideration before any other action is taken in this matter.

       After review of the IFP application, this Court concludes that Davis is financially eligible for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual

allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Davis's complaint arises from acrimonious family-law proceedings between him, the mother of his child, and the woman's husband. According to Davis, the defendants have impeded his right to communicate with his daughter and have thereby violated three Minnesota criminal laws. *See* Minn. Stat. § 609.26 (punishing the act of depriving another of custodial or parental rights); Minn. Stat. § 609.27 (punishing acts of coercion); Minn. Stat. § 609.763 (punishing gambling fraud).[1] Under Minnesota law, however, "[a] criminal statute gives rise to a civil cause of action only if it appears by express terms or clear implication to have been the legislative intent." *H.J., Inc. v. Northwestern Bell Corp.*, 420 N.W.2d 673, 675 (Minn. Ct. App. 1988). None of the three criminal statutes

---

[1] It is not obvious from the complaint why Davis believes the defendants to have violated § 609.763. Regardless, as explained in the body of this recommendation, no private right of action is created by that statute, and so any claims under that statute must be dismissed.

cited by Davis provides an express private right of action. Moreover, nothing about the structure or text of those criminal statutes suggests that the Minnesota legislature intended to create a private right of action. Further, so far as this Court can tell, no Minnesota court has ever interpreted the criminal statutes cited by Davis as creating a private right of action. Simply put, nothing in Minnesota law indicates that Davis may sue under the criminal statutes at issue here.[2]

Further, the entirety of Davis's complaint emanates, either directly or indirectly, from child-custody rulings in the Minnesota state courts. But "such questions of family law are traditionally outside the scope of federal jurisdiction." *O'Grady v. Anoka County Bd. Of Comm'rs*, No. 07-CV-3582 (MJD/SRN), 2008 WL 1808261, at 10 n.6 (D. Minn. Apr. 21, 2008) (citing *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979)). Even if Davis had stated a viable cause of action in the complaint (and he has not), it is likely that his claims would be outside the scope of permissible review in federal court. In any event, Davis simply may not sue under the Minnesota criminal statutes at issue in this case. Accordingly, this Court recommends that this action be summarily dismissed under § 1915(e)(2)(B)(ii).

---

[2] Davis also alleges that he is entitled to relief under Article 1, Section 8 of the Minnesota Constitution, which provides that "every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive to his person, property or character, and to obtain justice freely and without purchase, completely and without denial, promptly and without delay, conformable to the laws." But the Minnesota Constitution does not create private rights of action, either. *See Herbert v. Winona County*, No. 15-CV-0469 (RHK/JJK), 2015 WL 3938194, at *3 (D. Minn. June 26, 2015) ("[A]s Defendants correctly argue, there is no private right of action for a violation of the Minnesota Constitution.").

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be **SUMMARILY DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Howard Tim Davis's application to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.

Dated: August 28, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.